2012 WY 44

**In the Matter of the Commission on Judicial Conduct and Ethics' Findings and Recommendations with Respect to the Honorable Tony S. LOPEZ, Municipal Judge, Second Judicial District, Albany County, Laramie, Wyoming.**

No. J–12–0001.

Supreme Court of Wyoming.

March 23, 2012.

### ORDER OF PUBLIC CENSURE

[¶ 1]   **This matter** came before the Court upon the "Commission's Findings and Recommendation," filed herein March 2, 2012, by the Commission on Judicial Conduct and Ethics of the State of Wyoming, pursuant to Rule 26 of the Rules Governing the Commission on Judicial Conduct and Ethics. In its Recommendation, the Commission on Judicial Conduct and Ethics recommends that the Honorable Tony S. Lopez, Laramie Municipal Court Judge, be publicly censured for his conduct. Attached to the Commission's Findings and Recommendation is an Affidavit of Consent, wherein Judge Lopez "agree[s] to accept the final decision by the Wyoming Supreme Court." Now, after a careful review of the "Commission's Findings and Recommendations," the materials attached thereto, and the file, finds that the "Commission's Findings and Recommendation" should be approved, confirmed and adopted by the Court; and that the Honorable Tony S. Lopez, Laramie Municipal Court Judge, should be publicly censured for the conduct described in the "Commission's Findings and Recommendation." It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Commission on Judicial Conduct and Ethics' "Commission's Findings and Recommendation," a copy of which is attached hereto and incorporated herein (without attachments), shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that the Honorable Tony S. Lopez, Laramie Municipal Court Judge, shall receive a public censure for his conduct detailed in the "Commission's Findings and Recommendation;" and it is further

[¶ 4]   **ORDERED** that the Honorable Tony S. Lopez, Laramie Municipal Court Judge, is hereby assessed Disciplinary Counsel's costs and fees in the amount of $1,400.00, payable in equal monthly installments to the Commission on Judicial Conduct and Ethics, with final payment to be made on or before March 1, 2013; and it is further

[¶ 5]   **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated "Commission's Findings and Recommendation," as a matter coming regularly before this Court as a public record; and it is further

[¶ 6]   **ORDERED** that this Order of Public Censure, along with the incorporated "Commission's Findings and Recommendation," shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7]   **ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon the Honorable Tony S. Lopez, Laramie Municipal Court Judge; and it is further

[¶ 8]   **ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Commission on Judicial Conduct and Ethics of the State of Wyoming.

[¶ 9]   **DATED** this 23rd day of March, 2012.

**BY THE COURT:**
/s/ Marilyn S. Kite
MARILYN S. KITE
Chief Justice.

Attachment

BEFORE THE COMMISSION ON
JUDICIAL CONDUCT AND
ETHICS

STATE OF WYOMING

An inquiry concerning

The Honorable Tony S. Lopez Municipal Court Judge Second Judicial District, Albany County Laramie, Wyoming

No. 2011–01

## COMMISSION'S FINDINGS AND RECOMMENDATION

This matter having come before the Commission on Judicial Conduct and Ethics (the "Commission") upon the stipulation of the Adjudicatory Panel and Judge Lopez, the Commission having reviewed the file and being fully advised in the matter, it FINDS:

### Findings of Fact—Procedure

1. A verified complaint was received by the Commission regarding Judge Lopez (Exhibit A), which was referred to an Investigatory Panel of the Commission and a copy was provided to Judge Lopez.

2. The Investigatory Panel determined, based upon its initial inquiry, to proceed with a preliminary investigation pursuant to Rules 6(f), 13 and other applicable provisions of the Rules Governing the Commission on Judicial Conduct and Ethics, that there was reasonable cause to believe Judge Lopez engaged in judicial misconduct.

3. Judge Lopez received notice of the investigation, in accordance with Rule 13(d), by letter dated September 2, 2011.

4. The Investigatory Panel referred the matter to an Adjudicatory Panel of the Commission for the institution of formal proceedings in accordance with Rule 13(b)(5).

5. Judge Lopez was served with a Notice of Commencement of Formal Proceedings pursuant to Rule 17 on November 30, 2011 (Exhibit B), and he filed an Answer on December 15, 2011 (Exhibit C).

6. Judge Lopez does not dispute the following statement of facts and law, and agrees to resolution on the terms recommended by the Commission. Judge Lopez's Affidavit of Consent, pursuant to Rule 23(c) is submitted herewith.

### Facts Common to all Code Violations

1. Judge Lopez attended a public meeting of the Laramie City Council March 22, 2011. Judge Lopez identified himself, then suggested the Council address the issue of towing charges in its next work session, saying the issue comes before the Municipal Court about three times a year, and expressing his opinion: "quite frankly the towing people are gouging 'em. . . . If you can make some amendment to the ordinance dealing with that as to the maximum amount, anything else is usurious or ridiculous or unconscionable . . ."

### Code Violations

2. Judge Lopez' conduct violated Canon 1 of the Wyoming Code of Judicial Conduct in the following respects:

   A. Rule 1.2 addresses the appearance of impropriety, and Comment 3 states that "Conduct that compromises or appears to compromise the independence, integrity, and impartiality of a judge undermines public confidence in the judiciary . . ."

   B. When a judge speaks publicly in strong and derogatory terms regarding a matter that occasionally arises in his court, this would appear to compromise the impartiality of a judge. The public should not be expected to understand the fine points regarding the limits of a judge's discretion in order to have faith in the judiciary's impartiality.

3. Judge Lopez' conduct violated Canon 3 in the following respects:

   A. Rule 3.2 prohibits a judge from appearing before a legislative body, with certain exceptions which are not applicable to these facts.

   B. The comments to Rule 3.2 point out that it does not trump other provisions of the Code, such as the duty to maintain the appearance of impartiality at Rule 3.1.

*Commission's Recommendations*

After deliberation, the Commission recommends, and Judge Lopez agrees, to the following disciplinary action:

1. That Judge Lopez receive a public censure for the misconduct set forth above.

2. That Judge Lopez be assessed Disciplinary Counsel's costs and fees in the amount of $1,400.00, payable in 12 monthly installments.

*Certification*

By his signature below, the Chair of the Commission on Judicial Conduct and Ethics hereby certifies that the foregoing constitutes the Commission's findings and recommendations as determined upon a vote of more than 65% of the entire Commission, which findings and recommendations are submitted to the Wyoming Supreme Court pursuant to Rule 23(a) of the Rules Governing the Commission of Judicial Conduct and Ethics and in accordance with Rule 26 of these rules.

Dated this *17th* day of February, 2012.

THE COMMISSION ON JUDICIAL CONDUCT AND ETHICS

By:

/s/ Howard Baker

Howard Baker, Chair